UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELVIN GENAO,<br><br>      Plaintiff,<br><br>-against-<br><br>FEDERAL BUREAU INVESTIGATIONS NY;<br>ANDREW MARTINEZ; STEPHANIE<br>MARTINEZ; JOSELITO LOPEZ,<br><br>      Defendants. | 18-CV-12287 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, styles this action as a criminal complaint. He would like to bring criminal charges against Defendants. By order dated April 8, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth in this order, the Court dismisses the action.

### STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff brings this action, styled as a criminal complaint, seeking criminal charges against the Federal Bureau of Investigation (FBI) and three individuals –Andrew Martinez, Stephanie Martinez, and Joselito Lopez. The following facts are taken from the complaint: in 2016, Plaintiff learned from family members that he was "being gang stalked or mobbed" by individuals from his old and present neighborhoods. (ECF No. 1 at 2.)[1] Apparently, Plaintiff had "some form of witchcraft on [him] that allowed [these individuals] to see what ever [he] was doing along the way." (*Id*.) Plaintiff reported the stalking to the police and the FBI but nothing was done, although the FBI was investigating the individuals.

Plaintiff continued to be "gang stalked with black magic" but could not get help from the police, the FBI, or the church. (*Id*.) The individuals became involved in all aspects of Plaintiff's life, hacking and monitoring his computer throughout. Plaintiff continued to submit complaints to various law enforcement agencies and the IRS but nothing has been done. Plaintiff, believing that he is "being blocked from filing grievances, law suits, [and] appeals," has attempted to move to another county, but he has also been blocked from relocating somewhere with his son, and although he is actually a "trillionaire," he is on the verge of becoming homeless. (*Id*. at 3.)

On January 3, 2017, Plaintiff was detained for no reasons by Dr. Wilson Iroham at Harlem Hospital. Although he was not born with any mental health issues, there have been several attempts to have him hospitalized. Plaintiff believes that the police and the New York City Comptroller are somehow involved. He has reported the matter to the White House, the Department of Homeland Security, ICE, NSA, and the U.S. Marshals.

---

[1] Citations to the complaint refer to the pagination generated by the Court's electronic case filing system (ECF).

Plaintiff has also reported to the NYPD that his seven-year-old son is in serious trouble but nothing has been done about it. Unnamed persons are "being extremely violent towards his son at his school and home.[2] (*Id*. at 4.)

Plaintiff brings this action alleging that these issues have been happening for a long time, and he is presently "looking to relocate somewhere outside the country and put [his] U.S. citizenship on hold pending the outcome of this situation." (*Id*.)

## DISCUSSION

Plaintiff cannot initiate the arrest and prosecution of any other individual in this Court because private citizens cannot prosecute criminal actions in federal court. *See Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981) (prisoners lack standing to seek the issuance of an arrest warrant); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Plaintiff also cannot direct prosecuting attorneys to initiate a criminal proceeding because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87

---

[2] Plaintiff has filed several complaints in which he refers to his son. He brought an action against the child's mother, asserting that she was arrested in 2013, for violating an order of protection by contacting him on social media. *See Genao v. Guanilo*, No. 18-CV-12059 (LLS) (S.D.N.Y. Apr. 4, 2019) (ECF No. 1). Plaintiff also alleged his concerns about his son and his efforts to have his son's mother, school, and teachers investigated. *See id*. The Court dismissed that action for failure to state a claim on which relief may be granted. (*See id*., ECF No. 8.)

Plaintiff also filed a purported criminal action against his son's school. *See Genao v. Harriet Tubman P.S. 154*, No. 18-CV-12407 (LLS) (S.D.N.Y. Mar. 4, 2019) (ECF No. 1) In that action, he alleged the following: he was denied entry to the school without his son's mother's consent; he is concerned that there might be a transgendered teacher at the school; his son has complained about not being allowed to take naps in kindergarten; his son is being touched inappropriately and other kids are picking on him; and his son's grandfather is hitting the child. *See id*. Plaintiff asserts that he has contacted various agencies to investigate his son's problems at home and school. On March 4, 2019, the Court also dismissed that complaint for failure to state a claim on which relief may be granted. (*See id*., ECF No. 6.)

(2d Cir. 1972). Accordingly, the Court dismisses the action for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.[3]

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court has previously warned Plaintiff that the continued filing of frivolous or meritless lawsuits will result in an order barring Plaintiff from filing new civil actions *in forma pauperis* without prior permission under 28 U.S.C. § 1651. *See Genao v. Guanilo*, No. 18-CV-12059 (LLS) (S.D.N.Y. Apr. 4, 2019) (ECF No. 8 at 5). The Court now reiterates that warning. The Clerk of Court is instructed to terminate all other pending matters.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

---

[3] Plaintiff has repeatedly filed actions in this Court styled as criminal complaints, arrest warrants, or civil cases in which he attempts to prosecute criminal charges. On February 25, 2019, the Court warned Plaintiff that further duplicative or frivolous litigation in this Court could result in an order barring him from filing new civil actions *in forma pauperis* without prior permission under 28 U.S.C. § 1651. *See Genao*, No. 18-CV-12059 (LLS) (ECF No. 8 at 5). This action was filed before the Court's warning was issued, but the Court reiterates that warning.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: April 22, 2019
       New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge